UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES L. COOPER | CIVIL ACTION |
| VERSUS | NO. 20-1454 |
| CORNERSTONE CHEMICAL COMPANY | SECTION "R" (5) |

### ORDER AND REASONS

Before the Court is the parties' joint motion to continue the trial and all pretrial deadlines.[1] The jury trial in this matter is currently scheduled for January 24, 2022.[2] The Court considers the motion below.

This is the second time that the parties have requested a continuance of trial and other pretrial deadlines. On January 13, 2021, the parties jointly moved to continue the trial and all pretrial deadlines on the grounds that they needed additional time to complete depositions and written discovery.[3] The parties represented that they were working to schedule plaintiff's

---

[1]  R. Doc. 25.
[2]  R. Doc. 20.
[3]  R. Doc. 17.

deposition and additional depositions of defendant's corporate representative.[4] The Court granted the continuance.[5]

On October 28, 2021, the parties moved for a 90-day continuance of the trial and remaining pretrial deadlines.[6] On the present motion, the parties represent that, because plaintiff's counsel has faced personal and medical issues this month, the earliest dates they can schedule plaintiff's and defendant's corporate representative's depositions is between November 30, 2021 and December 3, 2021.[7] The parties further assert that these deposition dates would not provide sufficient time for them to file dispositive motions by November 30, 2021, as is currently required by the scheduling order.[8]

The Court finds that the parties have not shown good cause for a continuance. *See* Fed. R. Civ. P. 6(b)(1)(A). The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enter., LLC. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted). Whether to grant or deny a continuance

---

[4] *Id.* at 1.
[5] R. Doc. 19.
[6] R. Doc. 25.
[7] *Id.* at 2.
[8] *Id.*

2

is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996).

The parties' current motion seeks a continuance for the same reasons they gave the Court in their first motion to continue.[9] Although more than nine months have passed between the parties' first and second motions, they both request a continuance based on the litigants' purported need to complete additional discovery—specifically the depositions of plaintiff and defendant's corporate representative.[10] The parties represented in their first continuance that they would schedule plaintiff's deposition in February 2021.[11] But they now represent that "the earliest available date" for plaintiff's deposition is November 30, 2021.[12] And while the parties state that they have encountered unforeseen scheduling delays in October and November, they do not explain why these depositions were not scheduled in February, as

---

9 R. Doc. 17.

10 *Compare* R. Doc. 17 at 2 ("The parties have been working to schedule Plaintiff's deposition, as well as additional depositions of Defendant's corporate representative and other witnesses. Plaintiff's deposition is currently set for February 23, 2021. However, the parties anticipate needing more time in February to complete additional depositions and written discovery."), *with* R. Doc. 25 at 2 ("Consequently, despite the best efforts of counsel, the earliest available date for the deposition of Plaintiff and Defendant's corporate representative is between November 30-December 3, 2021.").

11 R. Doc. 17 at 2.

12 R. Doc. 25 at 2.

previously represented, or at any point in the seven months between February and the filing of their present motion. Given that the parties have been aware since February that their dispositive motions had to be filed by November 30,[13] the Court does not find that the parties' delay in scheduling depositions constitutes good cause for another continuance of the trial and pretrial deadlines.

Accordingly, the Court DENIES the parties' motion. All deadlines remain as scheduled in this Court's February 9, 2021 scheduling order,[14] unless continued by the Court upon motion for good cause shown.

New Orleans, Louisiana, this __29th__ day of October, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[13]  *See* R. Doc. 20.
[14]  *Id.*